IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **TRAXXAS, L.P.**, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 2:21-cv-170 |
| v. | § | |
| | § | |
| **NEW BRIGHT INDUSTRIAL CO., LTD.**, | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND UNJUST ENRICHMENT**

COMES NOW Plaintiff Traxxas, L.P. and files this Complaint for Trademark Infringement, Unfair Competition, Dilution, and Unjust Enrichment against Defendant New Bright Industrial Co., Ltd., alleging as follows:

### I.    NATURE OF THE SUIT

1. This is a claim in which Plaintiff seeks injunctive and monetary relief for trademark infringement, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; for trademark dilution arising under Texas Business and Commerce Code § 16.103; and for trademark infringement, unfair competition, and unjust enrichment arising under Texas common law.

### II.    THE PARTIES

2. Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3. Defendant **New Bright Industrial Co., Ltd.** is a Chinese limited liability company having an established place of business in Wixom, Michigan.

### III. JURISDICTION AND VENUE

4. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over the federal trademark infringement, dilution, and unfair competition claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark dilution, trademark infringement, unfair competition, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement, dilution, and unfair competition claims.

6. This Court has specific personal jurisdiction over Defendant as to these claims pursuant to due process and the Texas Long Arm Statute because these claims arise from Defendant's acts or omissions (directly or through intermediaries) in this judicial District, including but not limited to sales or offers to sell the Accused Products to persons in this District and/or purposefully and voluntarily placing the Accused Products into the stream of commerce with the expectation that those Accused Products will be purchased by consumers in Texas and in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above.  Furthermore, venue is proper because Defendant, directly or through intermediaries, sells and offers to sell its Accused Products to persons in this District, as discussed below.  Each of Defendant's acts complained of herein occurring in this District gives rise to proper venue.

## IV. BACKGROUND

### A. Traxxas and Its TRX Mark

8. The business Traxxas operates was started in 1986. Since that time, Traxxas has grown to become the number-one seller of Ready-to-Run nitro and electric model vehicles in the United States.

9. Since at least October 31, 1988, Traxxas has continuously used the typeset letters or standard characters "TRX" (the "TRX Mark") in interstate commerce to identify, advertise, and promote its radio-controlled model vehicles and parts therefor to the consuming public.

10. On January 7, 1992, the USPTO duly and legally issued United States Trademark Registration No. 1,671,232 (the "TRX Registration"), which comprises the typeset letters "TRX" as applied to radio-controlled model vehicles and parts therefor in International Class 028. A true and correct copy of the TRX Registration (which was assigned to Traxxas on July 25, 2003) is attached hereto as Exhibit 1.

11. Traxxas' right to use its TRX Mark has become incontestable.

12. In addition to its TRX Registration in the United States, Traxxas has registered the TRX Mark internationally.

13. Traxxas has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its radio-controlled model vehicles and parts and accessories therefor bearing the TRX Mark.

14. As a result of Traxxas' long use and substantial advertising and promotion of the TRX Mark, the TRX Mark has become distinctive and widely known to consumers to designate Traxxas as the source of products bearing the TRX Mark, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products. The TRX Mark

is widely recognized by consumers as being associated with Traxxas' high-quality goods. As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates the TRX Mark with Traxxas.

15. As a result of Traxxas' long use and substantial advertising and promotion of the TRX Mark in Texas and elsewhere, Traxxas has acquired valuable common law rights in the TRX Mark, including but not limited to the goodwill and reputation of Traxxas, Traxxas' products, and the TRX Mark.

16. The TRX Mark is famous and distinctive under 15 U.S.C. § 1125(c) and Texas Business and Commerce Code § 16.103.

**B.      Defendant and Its Products**

17. Defendant, directly or through intermediaries (such as those listed on Exhibit 2 attached hereto), sells, offers for sale, distributes, or advertises within the United States certain radio-controlled model vehicles (collectively the "Accused Products") that bear the TRX Mark, such Accused Products including at least the "R/C 4×4 Ram TRX" (Model No. 61288) shown below (yellow emphasis added):



18. Defendant, directly or through intermediaries, sells, offers for sale, distributes, and advertises the Accused Products in direct competition with products of Traxxas and of Traxxas' authorized retailers.

19. Defendant, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in Texas and in this judicial District.

20. The Accused Products are purchased by consumers in Texas and in this judicial District.

## V.     CLAIMS

### A.     Federal Trademark Infringement

21. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

22. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after Traxxas began using the TRX Mark in commerce.

23. Defendant is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to sell, offer for sale, distribute, or advertise any Traxxas products or any products bearing the TRX Mark or any mark that is confusingly similar to the TRX Mark.

24. Defendant is, without Traxxas' consent, using in commerce spurious marks that are identical to, or substantially distinguishable from, Traxxas' federally registered TRX Mark in connection with the sale, offering for sale, distribution, or advertising of the Accused Products.

25. Defendant is, without Traxxas' consent, applying spurious marks that are identical to, or substantially indistinguishable from, Traxxas' federally registered TRX Mark to

advertisements (including at least Internet advertisements) intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of the Accused Products.

26. For example, Defendant, directly or through intermediaries, advertises exemplary Accused Product Model No. 61288 on its website http://www.newbright.com, which describes the product as "R/C 4×4 Ram TRX," as shown on Exhibit 3 attached hereto.

27. As another example, as depicted below (yellow emphasis added) and shown on Exhibit 3 attached hereto, at least exemplary Accused Product Model No. 61288 bears a mark that is identical with, or substantially indistinguishable from, Traxxas' federally registered TRX Mark:



28. Defendant, knowing the spurious TRX Mark used in connection with the Accused Products to be a counterfeit mark, intentionally uses such spurious TRX mark in connection with the sale, offering for sale, or distribution of the Accused Products.

29. Defendant is, without Traxxas' consent, using in commerce Traxxas' federally registered TRX Mark in connection with the sale, offering for sale, distribution, or advertising of the Accused Products, which such use is likely to cause confusion, to cause mistake, or to deceive.

30. Defendant's unauthorized use of the TRX Mark in connection with the Accused Products is likely to cause confusion, or to cause mistake, or to deceive customers and potential

customers of the parties, or associates of such customers and potential customers, at least as to some affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

31. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it became aware of the TRX Mark.

32. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it became aware of Traxxas' rights in and to the TRX Mark.

33. Alternatively, Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it took deliberate actions to avoid confirming Traxxas' rights in and to the TRX Mark.

34. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it became aware of at least a high probability that its use in commerce of a counterfeit TRX Mark would infringe Traxxas' rights in and to the TRX Mark.

35. Defendant's acts complained of herein constitute infringement of Traxxas' federally registered TRX Mark in violation of 15 U.S.C. § 1114(1)(a) and (b).

36. Defendant's infringement of Traxxas' federally registered TRX Mark in violation of 15 U.S.C. § 1114(1)(a) and (b) as complained of herein has been, and continues to be, willful, rendering this case exceptional under 15 U.S.C. § 1117(a).

37. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than either: (a) three times either Defendant's profits or Traxxas' actual damages from Defendant's wrongful acts, whichever amount is greater,

together with Traxxas' reasonable attorneys' fees and costs, or (b) statutory damages of up to $2,000,000 per counterfeit mark per type of Accused Product sold, offered for sale, or distributed, together with Traxxas' reasonable attorneys' fees and costs.

38. Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**B.      Federal Unfair Competition**

39. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

40. Defendant's unauthorized use in commerce of the TRX Mark in connection with the Accused Products falsely designates the origin of the Accused Products, or otherwise falsely or misleadingly describes or represents facts, which is likely to cause confusion, or to cause mistake, or to deceive customers and potential customers of the parties, or associates of such customers and potential customers, at least as to some affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

41. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after it became aware of the goodwill and reputation of Traxxas, Traxxas' products, and the TRX Mark.

42. At the time Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products, Defendant intended to trade off of and to take unfair advantage of the goodwill and reputation of Traxxas, Traxxas' products, and the TRX Mark.

43. Defendant's unauthorized use in commerce of the TRX Mark in connection with the Accused Products enables Defendant to trade on and receive the benefit of the goodwill and reputation built up at great labor and expense by Traxxas over many years, and to gain acceptance for the Accused Products not solely on its own merits, but on the reputation and goodwill of Traxxas, Traxxas' products, and the TRX Mark.

44. Defendant's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

45. Defendant's unfair competition in violation of 15 U.S.C. § 1125(a) as complained of herein has been, and continues to be, willful, rendering this case exceptional under 15 U.S.C. § 1117(a).

46. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than up to three times either Defendant's profits or Traxxas' actual damages from Defendant's wrongful acts, whichever amount is greater, together with Traxxas' reasonable attorneys' fees and costs.

47. Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**C.    Federal Trademark Dilution**

48. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

49. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after the TRX Mark became famous and distinctive.

50. Defendant's unauthorized use in commerce of the TRX Mark in connection with the Accused Products removes from Traxxas the ability to control the nature and quality of products provided under the TRX Mark and places the valuable goodwill and reputation of Traxxas, Traxxas' products, and the TRX Mark in the hands of Defendant, over whom Traxxas has no control.

51. Defendant's unauthorized use in commerce of the famous and distinctive TRX Mark in connection with the Accused Products is likely to cause dilution by blurring or dilution by tarnishment of the TRX Mark.

52. Defendant's acts complained of herein constitute dilution of Traxxas' famous and distinctive TRX Mark in violation of 15 U.S.C. § 1125(c).

53. Defendant's dilution of Traxxas' famous and distinctive TRX Mark in violation of 15 U.S.C. § 1125(c) as complained of herein has been, and continues to be, willful, rendering this case exceptional under 15 U.S.C. § 1117(a).

54. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than up to three times either Defendant's profits or Traxxas' actual damages from Defendant's wrongful acts, whichever amount is greater, together with Traxxas' reasonable attorneys' fees and costs.

55. Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

D.   **Texas Trademark Dilution**

56. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

57. Defendant's acts complained of herein constitute dilution of Traxxas' famous and distinctive TRX Mark in violation of Texas Business and Commerce Code § 16.103.

E. **Texas Trademark Infringement**

58. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

59. Defendant's acts complained of herein constitute trademark infringement in violation of Texas state common law.

F. **Texas Unfair Competition**

60. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

61. Defendant's acts complained of herein constitute unfair competition in violation of Texas state common law.

G. **Texas Unjust Enrichment**

62. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

63. Defendant's acts complained of herein unjustly enrich Defendant at Traxxas' expense because Defendant, through its acts complained of herein, has obtained and continues to obtain a benefit from Traxxas by taking unfair advantage of the goodwill and reputation of Traxxas, Traxxas' products, and the TRX Mark.

64. Specifically, Defendant has taken unfair advantage of Traxxas by trading on and profiting from the goodwill and reputation of Traxxas, Traxxas' products, and the TRX Mark, all of which were developed and are owned by Traxxas, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and products.

65. Defendant's acts complained of herein constitute unjust enrichment of Defendant at Traxxas' expense in violation of Texas state common law.

## VI. DAMAGES

66. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

67. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial.

68. Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with intent to trade on or harm Traxxas' goodwill and reputation. In view of the egregious nature of Defendant's acts, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## VII. PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a. A judgment and order in favor of Traxxas that Defendant has infringed the TRX Mark under federal and Texas state law, as described herein;

b. A judgment and order in favor of Traxxas that Defendant has unfairly competed with Traxxas under federal and Texas state law, as described herein;

c. A judgment and order in favor of Traxxas that Defendant has diluted Traxxas' famous TRX Mark under federal and Texas state law, as described herein;

d. A judgment and order in favor of Traxxas that Defendant has been unjustly enriched at Traxxas' expense under Texas state law, as described herein;

e. A judgment and order in favor of Traxxas that Defendant's infringement and conduct have been willful and deliberate;

  f. A judgment and order in favor of Traxxas that this case is exceptional under 15 U.S.C. § 1117(a);

  g. A permanent injunction:

   (1) enjoining Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the TRX Mark (or any other mark or design that is confusingly similar to or likely to cause dilution of the TRX Mark) and from any attempt to retain any part of the goodwill and reputation misappropriated from Traxxas;

   (2) requiring Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all Accused Products, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using the TRX Mark (or any other mark or design that is confusingly similar to or likely to cause dilution of the TRX Mark); and

   (3) requiring Defendant to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Defendant of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

  h. A judgment and order directing an accounting to determine Defendant's profits resulting from the activities complained of herein, including Defendant's profits from any continuing post-verdict or post-judgment activities, and that such profits, or, alternatively,

Traxxas' actual damages, be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

   i. A judgment and order requiring Defendant to pay Traxxas its damages sustained as a result of Defendant's activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed, and that such damages be trebled;

   j. A judgment and order requiring Defendant to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest;

   k. A judgment and order requiring Defendant to pay Traxxas its reasonable attorneys' fees; and

   l. Such other and further relief as the Court deems just and proper.

## VIII.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated: May 18, 2021

Respectfully submitted,

By: /s/William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**Davis Firm PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*